IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00523 HG-03 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES BOHOL, | ) | |
| aka "Special K" | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DISMISSING DEFENDANT'S
ALLEGED VIOLATIONS OF SUPERVISED RELEASE**

Defendant James H. Bohol was determined by the district court to lack the mental competence to assist in his own defense against alleged violations of his supervised release. As part of the treatment plan to restore the Defendant's competency, the Bureau of Prisons requests the forced medication of the Defendant. The Defendant objects.

Only a few months remain in the potential maximum five year sentence that could be imposed for the violations of the supervised release conditions that were alleged against him in 2007. In consideration of the severity of the Defendant's condition and his continued opposition to treatment, it is unlikely that forced medication of the Defendant will allow the Defendant to be restored to competency within the five year limit. In recognition of this fact, the Government has agreed to dismiss the Defendant's alleged violations of supervised release.

Based on the record before the Court, and the comments of counsel, the petition against Defendant alleging violations of supervised release is **DISMISSED**.

## BACKGROUND

The Defendant was originally indicted on December 12, 2002, for possession with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841. A superseding indictment was filed on March 10, 2003, and the Defendant pled guilty on July 31, 2003.

On March 15, 2004, the Defendant was sentenced to 65 months in custody, to be followed by 60 months of supervised release.

Following his release, on November 20, 2007, the Defendant's probation officer filed a petition for corrective action, alleging that the Defendant had violated the terms of his supervised release.

The Defendant was arrested on November 26, 2007, and made his initial appearance on November 28, 2007.

Between November 28, 2007, and late May, 2008, the Defendant changed counsel seven times. On May 28, 2008, the Government made a motion to determine whether the Defendant was mentally competent to proceed on the pending petition to revoke his supervised release.

This Court granted the government's motion on May 29, 2008.  On June 4, 2008, the Defendant filed a Notice of Appeal to the Ninth Circuit Court of Appeals, and requested that this Court's order for an examination to determine competency be stayed.

On November 6, 2008, the Ninth Circuit held that the an order to undergo a psychological examination is not an appealable order, and dismissed the Defendant's appeal.

On November 19, 2009, this Court issued an amended order compelling the psychological examination.  The Defendant appealed that Order on November 25, 2008.  Based on the Ninth Circuit's prior decision, this Court denied the Defendant's motion for stay, and he was turned over to the custody of the Attorney General for a determination of his competency.

On August 28, 2009, the Defendant requested a hearing on the findings in the report prepared by the Bureau of Prison's medical staff based on their examination and evaluation of him.

On March 29, 2010, this Court held an evidentiary hearing on the question of the Defendant's mental competency, during which it received testimony from Dr. Lisa Hope, the psychologist who had examined the Defendant, and the author of the report to this Court.  The Court held a further hearing on the matter on June 1, 2010, but received no further evidence –

although it did allow the Defendant to argue the matter on his own behalf.

On June 25, 2010, this Court entered a written order finding the Defendant incompetent on the basis of the finding that the Defendant suffered from "Delusional Disorder, Persecutory Type," and "Antisocial Personality Disorder." This Court further ordered that the Defendant be committed to the care and custody of the Attorney General, and be hospitalized for treatment of his condition in an appropriate facility.

On June 28, 2010, the Defendant appealed this Court's order to the Ninth Circuit Court of Appeals, and requested a stay of execution of his Court's June 25 Order. This Court granted the Stay on July 13, 2010.

On November 2, 2010, the Ninth Circuit affirmed this Court's Order finding the Defendant incompetent and ordering him to undergo medical treatment to restore his competency. Following the denial of a Petition for Rehearing filed by the Defendant, the mandate was issued by the Ninth Circuit on May 9, 2011.

On June 8, 2011, this Court vacated the previously imposed stay of its Order committing the Defendant for medical treatment, and the Defendant was returned to the Custody of the Attorney General pursuant to the terms of that Order.

On December 22, 2011, the Medical Staff of FMC Butner requested authorization from this Court to involuntarily medicate the Defendant with antipsychotic medications commonly used in the treatment of mental illnesses such as those with which the Defendant has been diagnosed. In the opinion of the Staff, the Defendant's condition is chronic and unlikely to improve without treatment with antipsychotic medications.

On February 27, 2012, the Defendant filed an objection to the request of the FMC Butner Medical Staff for permission to forcibly medicate him.

On March 23, 2012, the matter came on for hearing. The Court heard argument from the parties concerning the proper course of action.

On April 9, 2012, the Government submitted a proposed "ORDER COMMITTING DEFENDANT FOR MENTAL EXAMINATION TO DETERMINE WHETHER DEFENDANT IS A DANGER TO COMMUNITY IF RELEASED FOLLOWING DISMISSAL OF ALLEGED SUPERVISED RELEASE VIOLATIONS" pursuant to the Court's oral instruction on March 23, 2012.

On April 14, 2012, a status conference was held to discuss the Government's Proposed Order.

**DISCUSSION**

The Court bases its decision on the previous reports of medical examinations concerning the Defendant, as well as the most recent report dated December 20, 2011, which provides

5

extensive information regarding the Defendant's current medical condition, attempts at treatment, and the poor prognosis for a return to competency without the use of anti-psychotic medications.

At the hearing on March 23, 2012, after hearing the arguments of counsel and considering the lengthy nature of the proceedings in this matter, the Court found that there was no longer is an "important government interest" in forcibly medicating the Defendant. Only a few months now remain in the potential maximum five year sentence that could be imposed for the violations of the supervised release conditions that were alleged against him in 2007. Any effort to medicate the Defendant at this point would require at least four months time, bringing the matter even closer to the five year statutory limit. In consideration of the severity of the Defendant's condition and his continued opposition to treatment, it is unlikely that forced medication of the Defendant will allow the Defendant to be restored to competency in time. In recognition of this fact, the Government has agreed to dismiss the petition against Defendant alleging violations of supervised release.

Based on the record before the Court, and the comments of counsel, the petition against Defendant alleging violations of supervised release is **DISMISSED**.

It should be noted, however, that there is evidence in the record that the Defendant suffers from Delusion Disorder, Persecutory Type (Axis I), and is prone to angry and possibly violent outbursts. (See Testimony of Dr. Lisa Hope, March 29, 2010 at pp. 9, 12 (Doc 648).) Pursuant to 18 U.S.C. § 4246(a), the director of the facility in which the Defendant is hospitalized may seek continued hospitalization should the Defendant's release create a substantial risk of bodily injury to another person or serious damage to property of another. That determination, however, is left to discretion of the director of the facility and the United States District Court in the district in which the Defendant is presently confined. See 18 U.S.C. § 4246(a).

DATED: April 19, 2012, Honolulu, Hawaii.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge

United States v. James Bohol; Cr. No. 02-00523 HG-03; **ORDER DISMISSING DEFENDANT'S ALLEGED VIOLATIONS OF SUPERVISED RELEASE**